ESTATE OF A. G. BARTLETT, CECIL FRANKEL ET AL., ADMINISTRATORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19881. Promulgated December 17, 1930.

*George B. Bouchard, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

### OPINION.

LANSDON: The respondent asserted a deficiency in income tax against the petitioner of $9,415.15 for 1923, of which $7,836.80 only is contested by this appeal. The petitioner alleges that the respondent committed error in such determination by restoring to gross income the sum of $33,834.67 which had theretofore been deducted from gross income in the return for that year.

A. G. Bartlett died February 5, 1923, a resident of Los Angeles, Calif., leaving surviving his widow, Mae A. Bartlett. At the time of death decedent was a member of a marital community, which owned an office building in Los Angeles, Calif. The income from said property, which consisted of rents, was collected by the executors of decedent's estate from the date of death to the end of the taxable year, December 31, 1923, and one-half thereof, amounting to $33,834.67, was paid to the widow of the deceased. The widow was a beneficiary under the will of decedent and received one-half of the residuary estate.

The widow reported in her individual return and paid a tax upon the money received by her from the executors during the period in question. The respondent claims that the entire income received by the executors is properly income of the estate and should be included in its return and has therefore, proposed the deficiency in question.

The petitioner contends (1) that, at the death of the husband, ownership of her one-half of the community estate vested in the wife and that thereafter the income therefrom is taxable to her, and, as an alternative, (2) that regardless of the law of California, the income in question, in the circumstances of this proceeding, is taxable to the wife under the provisions of section 219 of the Revenue Act of 1921. Inasmuch as the petitioner must prevail if either

contention is sound, only the alternative issue will be considered. The provisions relied upon by the petitioner as authority for such exclusion are subdivisions of section 219, reading in part as follows:

SEC. 219. (a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate; * * *

* * * * * *

(c) In cases under paragraphs (1), (2), or (3), of subdivision (a) or in any other case within subdivision (a) of this section except paragraph (4) thereof the tax shall be imposed upon net income of the estate or trust and shall be paid by the fiduciary, except that in determining the net income of the estate of any deceased person during the period of administration or settlement there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary. * * *

(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not. * * *

Assuming for the purpose of this proceeding that all income from the real property was a part of the gross income of the estate of the decedent, the $33,834.67 paid to the widow by the executor was clearly a part of that which she ultimately would be entitled to receive in settlement of that estate. The executor, therefore, having made distribution under the provisions of subparagraph (d), *supra*, correctly excluded the sum so paid to the widow from his computation of net income in making out the income tax return for the year it was collected and paid. The contention of the petitioner must, therefore, be sustained. *Harmon W. Hendricks*, 16 B. T. A. 193; *Riker* v. *Commissioner of Internal Revenue*, 42 Fed. (2d) 150.

*Decision will be entered under Rule 50.*